Filed 11/4/22  P. v. Maraglino CA4/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOROTHY GRACEMARIE MARAGLINO,<br><br>    Defendant and Appellant. | D077746<br><br><br>(Super. Ct. No. SCN304686) |

APPEAL from an order of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Reversed and remanded with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Eric A. Swenson, Allison V. Acosta, and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

Dorothy Gracemarie Maraglino asked us to reverse the superior court's denial of her request for resentencing under Penal Code[1] section 1172.6.[2]  In an unpublished opinion filed June 24, 2021, we affirmed the superior court's order.  The Supreme Court granted review and deferred action pending its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).  After the court issued its opinion in *Strong*, it transferred this matter to us on October 19, 2022, with directions to vacate our previous opinion and reconsider the cause in light of *Strong*.  (Cal. Rules of Court, rule 8.528(d).)  We have followed the court's directions and now issue a new opinion reversing the order and remanding the matter with directions.

On October 24, 2022, Maraglino submitted a supplemental brief (Cal. Rules of Court, rule 8.200(b)(1)), requesting we remand the matter and direct the superior court to issue an order to show cause within the meaning of section 1172.6, subdivision (c).

On October 26, 2022, the Attorney General submitted a supplemental brief (Cal. Rules of Court, rule 8.200(b)(1)) agreeing that the matter should be remanded to the superior court for further proceedings.

We agree with the parties, and we vacate our previous decision and remand the matter for further proceedings.

DISCUSSION

In October 2015, a jury convicted Maraglino of first degree murder (§ 187, subd. (a)), kidnapping (§ 207, subd. (a)), torture (§ 206), and attempted sexual battery by restraint (§§ 243.4, subd. (a) & 664) following the death of

---

[1]  Statutory references are to the Penal Code.

[2]  When Maraglino filed her petition, she sought relief under section 1170.95.  Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

Brittany K. in April 2012. It also convicted Maraglino of a conspiracy to kidnap. (§ 182, subd. (a)(1).) The facts underlying the conviction can be found in our unpublished opinion *People v. Maraglino* (Dec. 29, 2017, D069297, D069609) (*Maraglino*).

Maraglino appealed the conviction, challenging the sufficiency of the evidence and the true findings on the kidnapping special circumstance, among other things. In December 2017, we issued our opinion and found insufficient evidence to support the convictions for torture and attempted sexual battery by restraint. However, we concluded substantial evidence supported the other convictions and special circumstance findings, and we affirmed those convictions. We discussed *People v. Banks* (2015) 61 Cal.4th 788, 798 and *People v. Clark* (2016) 63 Cal.4th 522, 617 in our analysis of whether the jury could properly have found that Maraglino was a "major participant" who acted with "reckless indifference to human life." (See *Maraglino, supra*, D069297, D069609.)

In 2019, Maraglino filed a petition for resentencing under section 1172.6, which permits a defendant convicted of murder under a felony-murder theory to petition for the conviction to be vacated and resentenced. (§ 1172.6, subd. (a).) Maraglino contended that she was not the actual killer, and she did not physically participate in the kidnapping. She also argued there was not sufficient evidence that she was a major participant who acted with reckless indifference to human life. The trial court denied her request, reading extensively from our opinion before concluding that Maraglino failed to make a prima facie case that she was entitled to relief under section 1172.6. We affirmed that order.

However, in August 2022, our Supreme Court issued its opinion in *Strong*. *Strong* holds that an after-the-fact court review of a pre-*Banks* and

3

*Clark* record does not account for all the differences in the law. The court explained that prior findings "made to a beyond-a-reasonable-doubt degree of certainty," were made "under outdated legal standards." (*Strong*, *supra*, 13 Cal.5th at p. 720.) "Section 1172.6 offers resentencing for petitions who have not been determined beyond a reasonable doubt to have the degree of culpability now required for a murder, attempted murder, or manslaughter conviction. Neither a jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Ibid.*) Thus, because Maraglino's case was tried before the decision in *Clark*, the findings do not preclude her from making a prima facie case for resentencing under section 1172.6.

4

## DISPOSITION

The matter is remanded to the superior court with directions to issue an order to show cause, and to conduct an evidentiary hearing as required by statute.  We express no opinion regarding the appropriate outcome.


HUFFMAN, Acting P. J.

WE CONCUR:



IRION, J.



BUCHANAN, J.

5